

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-48,540-05 AND -06

## EX PARTE FRANCISCO GOMEZ, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. 9424768-C AND 9424768-D IN THE 208TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Gomez v. State*, No. 14-95-01481-CR (Tex. App.—Houston [14th Dist.] Sept. 4, 1997) (not designated for publication).

Applicant contends, *inter alia*, that the State presented false testimony to convict him. *See Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). He provides statements allegedly made by two of his sons, who testified at Applicant's trial. Both of the sons' statements indicate that some

trial testimony was coerced and was not true. There are no credibility determinations regarding the statements or findings from the trial court as to whether there was false testimony that was material to Applicant's conviction.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve the factual issues. To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the sons made the statements presented in the habeas application, whether there was false testimony presented at Applicant's trial, and, if so, whether there is a reasonable likelihood that the false testimony affected the judgment of the jury. *See Ex parte Weinstein*, *supra*. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.

Filed: February 3, 2016
Do not publish